IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. BAH-24-289 |
| | * | |
| MALIK BRIDGERS, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | ******* | |

### UNITED STATES' MOTION TO REVOKE CONDITIONS OF RELEASE

The United States of America, by and through its undersigned attorneys, moves to revoke defendant Malik Bridgers' conditions of release in the above-captioned case pursuant to 18 U.S.C. § 3148, and in support thereof states the following:

**Procedural and Factual History**

1. On September 3, 2024, the government charged the Defendant, Malik Bridgers, in a Criminal Complaint with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), and Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. ECF No. 6. The Criminal Complaint was unsealed on September 26, 2024, and the Defendant had his initial appearance the same day. At the initial appearance, the Honorable A. David Copperthite, U.S. Magistrate Judge for the District of Maryland, entered an order setting conditions of release as to the Defendant, ECF No. 82, and the order included, among others, the following conditions:

    a.    report on a regular basis to the supervising officer;

    b.    refrain from excessive use of alcohol;

    c.    refrain from use or unlawful possession of any controlled substances, unless prescribed by a licensed medical practitioner;

   d.  submit to any testing required by the supervising officer to determine whether the Defendant is using a prohibited substance;

   e.  home detention; and

   f.  location monitoring.

  2.  On October 9, 2024, a federal grand jury sitting in the District of Maryland returned a Superseding Indictment charging the Defendant with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count One), and Conspiracy to Distribute Marihuana, in violation of 21 U.S.C. § 846 (Count Two). On October 30, 2024, the Defendant had his initial appearance on the Superseding Indictment, and the Honorable Erin Aslan, U.S. Magistrate Judge for the District of Maryland, entered a modified/supplemental order setting conditions of release. ECF No. 188. The modified order maintained all the conditions in prior order, except that it removed the home detention and location monitoring conditions. *Id.*

  3.  On October 29, 2024—one day before the Defendant's initial appearance on the superseding indictment—U.S. Probation Officer Rachel Snyder sent a Notice of Apparent Violation to the Court, noting that the Defendant had submitted a urine sample that tested presumptively positive for marijuana when reporting to Bright Horizons Behavior Health ("Bright Horizons") for a substance abuse assessment on October 18, 2024. Lab testing performed on October 27, 2024, confirmed a positive test for marijuana and noted that the sample was diluted. Neither Probation nor the government recommended any action be taken at that time.

  4.  On August 25, 2025, U.S. Probation Officer Holly Rowe sent a Second Notice of Apparent Violation to the Court and requested a bail review hearing. In that notice, Officer Rowe noted that the Defendant twice failed to report to Probation as directed. Officer Rowe also detailed a series of events when the Defendant did report to Probation on August 20, 2025: Specifically,

when asked to provide a urine sample to Probation, the Defendant's urine tested presumptively positive for marijuana.  The Defendant refused to admit to using marijuana but said that he had taken a "gummy" on August 17, 2025.  Notably, when Officer Rowe contacted Bright Horizons, the treatment center informed her that the Defendant's urine had been tested on August 19, 2025, and the result was negative.

5. After officers directed the Defendant to provide another sample that could be sent to the lab for further testing, the Defendant appears to have first attempted to provide a false sample to Probation, and then to have provided an extremely minimal sample.  Nevertheless, the lab was able to test the sample, which returned a positive result for marijuana.[1]

**Legal Standard**

6. A defendant who has violated the conditions of pretrial release "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a).  After a hearing, the court "shall enter an order of revocation and detention" if two conditions are satisfied.  18 U.S.C. § 3148(b).  First, the court must find that either (1) there is "probable cause to believe that the [defendant] has committed a Federal, State, or local crime while on release," or (2) there is "clear and convincing evidence that the [defendant] has violated any other condition of release." *Id.*  If either of those conditions is met, then the court must also find that either (1) "there is no condition or combination of conditions of release that will assure that the [defendant] will not flee or pose a danger to the safety of any other person or the community" or (2) "the [defendant] is unlikely to abide by any condition or combination of conditions of release." *Id.*

---

[1] The Second Notice of Apparent Violation was sent to the Court prior to lab testing being completed.  Probation notified the government of the lab test results by email on August 27, 2025.

3

7. If the court finds that there are conditions that will both address the risk of flight/community danger concerns and that will be complied with by the defendant, then the court can modify the existing conditions of release accordingly. *Id.*

**Argument**

8. There is clear and convincing evidence that the Defendant violated multiple conditions of his pretrial release, and probable cause to believe that the Defendant has committed a State crime. First, he failed to report to his supervising officer on multiple occasions. Second, the Defendant has had multiple drug tests demonstrate continued use of marijuana. Of most concern, however, are the Defendant's attempted falsification of a urine sample, which by itself is a misdemeanor under Maryland law,[2] and his general pattern of evasiveness in addressing his failures to comply with the terms of his supervised release. The Defendant's actions show a clear disrespect for the Court's previous orders and demonstrate that he is unlikely to abide by any condition or combination of conditions that could be set on his release.

9. Standing alone, the Defendant's repeated use of marijuana, in violation of the condition that he refrain from the use of any controlled substances, is sufficient to warrant revocation and detention. *See United States v. Cannon*, 36 F.4th 496, 501 (3d Cir. 2022) (affirming revocation based on a defendant's use of marijuana, and rejecting the defendant's argument that Pennsylvania law allowing for his medical prescription of marijuana should be a mitigating factor); *United States v. Koumbairia*, Crim No. 07-61 (JDB), 2007 WL 1307909, *4 (D.D.C. May 3, 2007) (affirming revocation based on defendant's repeated positive tests for marijuana). Here, the Defendant's urine tested positive for marijuana both in October 2024 and again in August 2025.

---

[2] It is a misdemeanor offense for anyone, "with the intent to defraud or alter the outcome of a drug or alcohol screening test," to substitute any substance in place of a urine sample. Md. Code Ann., Crim. Law § 10-111(b)(2)(ii).

4

The positive tests are clear and convincing evidence that the defendant violated the condition of release forbidding his use of controlled substances. 18 U.S.C. § 3148(b)(1)(B).

10. Even though the Defendant's drug use is sufficient to warrant revocation on its own, the government has generally erred on the side of leniency in this matter, recognizing the need to give defendants the opportunity to address any underlying substance abuse issues. When the first Notice of Apparent Violation for the Defendant was submitted to the Court in October 2024, neither Probation nor the government recommended any action be taken. And the government has exercised similar discretion when co-defendants in this case have tested positive for controlled substances: Probation has previously submitted Notices of Apparent Violation for defendants David Hilliard (February 18 and June 12, 2025) and William Brown III (February 3, 2025). And in those instances, neither Probation nor the government sought a review hearing or revocation.

11. The Defendant, however, is now in a different posture. In addition to the underlying positive drug tests, the surrounding circumstances show that the Defendant simply does not respect and will not abide by the conditions that have been set out for him by the Court. Upon learning that his urine sample had tested presumptively positive for marijuana, the Defendant did not admit to a lapse in judgment or work on a plan with his supervising officer to ensure his compliance. Instead, the Defendant repeatedly evaded taking responsibility for his actions, including by trying to falsify a urine sample when Probation requested one.

12. As noted above, the Defendant's attempted falsification of a urine sample is a misdemeanor under Maryland law. Md. Code Ann., Crim. Law § 10-111(b)(2)(ii). Officer Rowe's summary of the Defendant's conduct on August 20, 2025, is more than sufficient to show probable cause to believe that such a misdemeanor was committed. 18 U.S.C. § 3148(a)(1)(A). And that falsification of a urine sample on August 20, 2025, provides further context for the prior

sample from Bright Horizons on October 18, 2024, which the lab noted was diluted, suggesting that the Defendant may again have tried to manipulate his urine sample.

13. The Defendant's statements to Probation when confronted with the presumptive positive test on August 20, 2025, also go to a pattern of deception. The Defendant told Officer Rowe that he took a "gummy" on August 17, 2025. However, Bright Horizons had tested the Defendant's urine on August 19, 2025, and that test was negative. As Officer Rowe noted, the Defendant's statements do not square up with the disparate test results from Probation and Bright Horizons, leaving two possibilities: (1) the Defendant lied to Office Rowe about the timing of his use, or (2) the Defendant also falsified the urine sample he provided to Bright Horizons.

14. With the first factor of 18 U.S.C. § 3148(a) satisfied, the primary question before the Court is whether the Defendant is unlikely to abide by the conditions of release.[3] 18 U.S.C. § 3148(a)(2)(B). Here, that determination is simple: "No condition or combination of conditions can be effective if a defendant will not comply with them." *Cannon*, 36 F.4th at 501. The Defendant has demonstrated that he will not comply with the conditions that have been set for his release or any conditions that could be set.

15. There is clear and convincing evidence that the Defendant violated the conditions of his supervised release through his repeated use of marijuana. There is probable cause to believe that the Defendant committed a State crime when he falsified a urine sample at his Probation appointment. The Defendant's deceptive conduct exacerbates the violations and further demonstrates that he has no intent of abiding by the conditions of supervised release. Under these

---

[3] The Defendant's conduct does not suggest that he presents a danger to the community or a significant risk of flight, so the Court need not evaluate that specific factor under 18 U.S.C. § 3148(b)(2)(A). A finding that the Defendant is unlikely to comply with the conditions of release is sufficient to trigger revocation.

6

circumstances, the Court "shall" revoke the Defendant's conditions of release and order his detention. 18 U.S.C. § 3148(b).

**Conclusion**

16. For all the foregoing reasons, the government respectfully requests that the Court revoke the conditions of supervised release for Malik Bridgers and order his detention. In the alternative, if the Court believes that there are conditions of release that the Defendant will abide by, the government respectfully requests that the Court modify the existing conditions to reinstitute conditions of home detention and location monitoring.

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

_/s/_____
Alexander Levin
Assistant United States Attorney